**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 24 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

LYNN GIBSON; JAMES SIMMONS
d/b/a Simmons Logging; LANE PERRIN
and KEVIN PERRIN d/b/a Perrin
Logging; TRAVIS NEAL BUTLER;
LYNN HARDAWAY d/b/a L & S
Logging,

      Plaintiffs-Appellants,

v.

WEYERHAEUSER COMPANY, a
Washington corporation,

      Defendant-Appellee.

No. 01-7067
(D.C. No. 00-CV-474-S)
(Eastern District of Oklahoma)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, Circuit Judge, **McWIILLIAMS**, Senior Circuit Judge, and
**HENRY**, Circuit Judge.

---

    Weyerhaeuser Company ("Weyerhaeuser"), a paper manufacturing company

incorporated in the State of Washington, operates a wood mill in Wright City, Oklahoma.

Weyerhaeuser obtained "timber rights" from nearby landowners, and then contracted

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

with "loggers" to harvest the timber in question and deliver the timber to its Wright City facility.

Lynn Gibson, and five other loggers (hereinafter referred to as "the plaintiffs"), citizens and residents of Oklahoma and Arkansas, brought the present action in the United States District Court for the Eastern District of Oklahoma against Weyerhaeuser for fraud, jurisdiction being based on diversity of citizenship. 28 U.S.C. § 1332. The charging part of plaintiffs' complaint reads, in its entirety, as follows:

> At various times beginning in the summer of 1995 and continuing until the summer of 1999, the Defendant, Weyerhaeuser Company, by and through its agents and employees intentionally, maliciously and fraudulently induced and persuaded the Plaintiffs to purchase new, different and/or additional equipment on financial credit for the purpose of conducting the business of logging timber for the benefit of Weyerhaeuser. Said inducements were verbal promises that Plaintiffs would be logging for Weyerhaeuser long as Plaintiffs so desired. Said inducements were made with the knowledge that Weyerhaeuser's quality and quantity of timber products would increase as a result thereof; however, at such time as said promises and inducements were made, Weyerhaeuser had no intention of providing sufficient future work to the Plaintiffs to enable Plaintiffs to pay for the newly purchased equipment and with the further knowledge that Plaintiffs would rely on the inducement to their detriment and financial loss. As a result of these fraudulent inducements, each of the Plaintiffs relied upon the same to their detriment and purchased additional or different equipment spending amounts of money in excess of $75,000.00 each. Notwithstanding a bona fide good faith effort by each of these Plaintiffs to provide logging products and services for Weyerhaeuser, the company has excluded them from contract logging through no fault of Plaintiffs, causing each Plaintiff to be damaged in an amount in excess of $75,000.00. (Emphasis

added.)

In the prayer of their complaint, each of the plaintiffs asked for judgment against Weyerhaeuser in an amount of not less than $75,000.00 for deceit, actual damages, loss of credit, loss of property, loss of anticipated profits, and punitive damages in an amount in excess of actual damages.

The gist of the plaintiffs' complaint is that Weyerhaeuser, through its agents and employees, fraudulently induced the plaintiffs to purchase new and additional equipment for the purpose of logging timber for Weyerhaeuser with verbal promises that they "would be logging for Weyerhaeuser long as plaintiffs so desired" and that when those promises were made, "Weyerhaeuser had no intention of providing sufficient future work to the plaintiffs to enable the plaintiffs to pay for the newly purchased equipment and with the further knowledge that plaintiffs would rely on the inducement to their detriment and financial loss." By its answer, Weyerhaeuser denied all of those allegations.

Discovery ensued and various depositions and affidavits were filed in the district court. Weyerhaeuser then filed a motion for summary judgment and a brief in support thereof, seeking, *inter alia,* summary judgment in its favor because there was "no evidence of any fraudulent intent on the part of Weyerhaeuser." Plaintiffs filed a response and brief in opposition to the motion. After hearing, the district court granted Weyerhaeuser's motion for summary judgment and entered judgment in favor of Weyerhaeuser, the district court holding that the "plaintiffs have absolutely no evidence

that defendant made statements regarding future work with knowledge of its falsity or recklessly without knowledge as to its truth or falsity. Further, there is absolutely no evidence that the statements made were false."[1] Later, plaintiffs filed a motion to reconsider, which the district court denied. Plaintiffs appeal, contending the district court erred in granting Weyerhaeuser's motion for summary judgment and in denying their motion to reconsider. We affirm.

In *F.D.I.C. v. Hamilton,* 122 F.3d 854, 858 (10th Cir. 1997), we spoke as follows:

> To establish fraud, Oklahoma law requires the proponent to show by clear and convincing evidence "a false material representation made as a positive assertion which is either known to be false, or made recklessly without knowledge of the truth, with the intention that it be acted upon by a party to his or her detriment." *Rainbow Travel Serv. v. Hilton Hotels Corp.,* 896 F.2d 1233, 1240 (10th Cir. 1990).

In granting Weyerhaeuser's motion for summary judgment, the district court did make reference to the "clear and convincing evidence" requirement involved in a claim of fraud, and, on appeal, counsel argues that the district court erred in considering the "clear and convincing evidence" requirement at the summary judgment stage of the proceedings. In other words, the "clear and convincing evidence" requirement, according to counsel, would properly be considered in, for example, a post-trial motion challenging the sufficiency of the evidence to support a jury verdict in favor of a plaintiff in a fraud

---

[1]At the same time, the district court, for about the same reasons, dismissed any possible claim for "negligent misrepresentation."

action, but is not to be considered when a motion for summary judgment is under consideration. In our view, that particular argument is disposed of in *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986). There, in a libel case, the Supreme Court stated that "we are convinced that the inquiry involved in a ruling on a motion for summary judgment or for a directed verdict necessarily implicates the substantive evidentiary standard of proof that would apply at the trial on the merits." *See also North Texas Prod. Credit Assoc. v. McCurtain Cty. Nat'l. Bank,* 222 F.3d 800, 813 (10th Cir. 2000), and *Applied Genetics v. First Affiliated Sec.,* 912 F.2d 1238, 1243 (10th. Cir. 1999), where we followed *Anderson v. Liberty Lobby, Inc.* and held that the "clear and convincing evidence" requirement in a fraud case applied on summary judgment.[2]

The "loggers contracts" which plaintiffs had with Weyerhaeuser were only for a comparatively short period of time, i.e., up to around 120 days. There is no suggestion by any plaintiff that Weyerhaeuser terminated any of their short term contracts. Rather, plaintiffs complain that they were not given additional 120 day contracts by Weyerhaeuser. Weyerhaeuser's position on this matter is that plaintiffs were not given so-called "renewal" contracts because they failed to comply with its newly created

---

[2]In support of his contention that the "clear and convincing evidence" requirement should not be considered on summary judgment, counsel relies on *Tenneco Oil Co. v. Joiner,* 696 F.2d 768 (10th Cir. 1982). That case involved a suit by a principal against his agent for breach of a fiduciary duty and it was in that context that we held that the "clear and convincing evidence" requirement did not apply. In the instant case, there is no suggestion that there was a fiduciary relationship between the plaintiffs and Weyerhaeuser. Plaintiffs were independent contractors.

"contractor management system," a system adopted by Weyerhaeuser at the government's insistence, designed to measure a contractor's performance in various categories including safety, the environment, truck weight, management and workmanship.

Fraud is never presumed, and must be established by clear and convincing evidence that the person charged with fraud had a specific intent to defraud. *Barnett v. Life Ins. Co. of the Southwest,* 562 F.2d 15, 19 (10th Cir. 1977); *followed in FDIC v. Palermo,* 815 F.2d 1329, 1335 (10th Cir. 1987). As indicated, the district court, in granting Weyerhaeuser's motion for summary judgment, concluded that the plaintiffs had failed to show that any statements of Weyerhaeuser employees concerning "future work" with Weyerhaeuser were made with knowledge of their falsity, or, indeed, that the statements, when made, were in fact false. As indicated, there were numerous depositions and affidavits before the district court, and we are in accord with the district court's analysis of the evidentiary matter then before it. The district court did not err in granting Weyerhaeuser's motion for summary judgment.

As above stated, plaintiffs thereafter filed a motion to reconsider under Fed. R. Civ. P. 60(b). In support of that motion, the plaintiffs, *inter alia*, submitted two affidavits from loggers who said that they almost always received advance notice from Weyerhaeuser that a "safety audit" was about to be conducted, which notice the plaintiffs did not receive, and that such would somehow indicate that Weyerhaeuser knew when statements were made by its employees regarding "future work" that such were false.

The district court rejected that argument and denied plaintiffs' motion to reconsider. Again, we agree with the district court.

This case involves a civil action charging fraud. It is not an action for breach of contract, and, at best, is one based on an "unkept promise." In this general connection, *see Roberts v. Wells Fargo AG Credit Corp.,* 990 F.2d 1169 (10th Cir. 1993). The action in that case was based on an alleged oral promise by Wells Fargo to renew a line of credit note. In that case we recognized that for a false representation to be the basis for a fraud action the representation generally had to be of an existing fact and not one based on a promise as to a future act. However, at the same time, we also recognized that a promise to act in the future accompanied by a present intention not to perform was an exception to the general rule. In *Wells Fargo* we affirmed the district court's grant of summary judgment in favor of Wells Fargo on plaintiff's fraud claim and spoke as follows:

> Here, although plaintiffs allege fraud, they have presented no evidence that Wells Fargo's promise to perform was accompanied by an intent not to do so. Indeed, "[t]he only proof in this record upon which we can predicate an intent not to keep the promises made is the fact that such promises were not kept." Dismissal of plaintiffs' fraud claim was appropriate because breach of a contract alone is not proof of fraud. (Citations omitted.)

*Id.* at 1173.

Judgment affirmed.

Entered for the court,


Robert H. McWilliams
Senior Circuit Judge